UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY M. RILEY,

    Plaintiff,                                      Civil Action No. 15-CV-10861

vs.                                                 HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on cross motions for summary judgment [docket entries 16, 17]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion and grant defendant's motion.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in September 2013 and issued a decision denying benefits in November 2013 (Tr. 7-20). This became defendant's final decision in January 2015 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's

decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of her September 2013, plaintiff was 35 years old. She has a high school education plus two years of college and work experience as an assistant manager at a department store. Plaintiff claims she has been disabled since May 2012 because she has an inoperable brain tumor (Tr. 122, 126). Her insured status expires in December 2016 (Tr. 126).

The ALJ found that plaintiff's "inoperable glioma/mixed oligoastrocytoma" is a severe impairment (Tr. 12). The ALJ also found that while plaintiff cannot perform her past work, she has the residual functional capacity ("RFC") to perform

> light work . . . except: no climbing ladders and the like, or exposure to obvious hazards; no balancing on one lower extremity at a time or crawling; occasional stooping greater than 90 degrees; and no work where the pace of productivity is not [sic] dictated by an external source over which the claimant has no control such as an assembly line or conveyor belt.

(Tr. 13.) A vocational expert ("VE") testified to the existence in Michigan of 2,000 folder jobs, 5,000 cleaner jobs, and 2,000 packer jobs that a person with this RFC and who is "vocationally-situated" as plaintiff could perform (Tr. 46-47). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform to support her conclusion that plaintiff is not disabled (Tr. 18).

Having reviewed the administrative record and the parties' briefs, the Court finds that defendant is entitled to summary judgment because substantial evidence supports the ALJ's decision. While there is no doubt that plaintiff has a brain tumor, the ALJ reasonably concluded that this condition does not prevent plaintiff from performing the type of light-level work identified

by the VE. Based on all of the evidence contained in the record, the ALJ reasonably found that plaintiff's brain tumor is stable, that the associated seizures and headaches are not of disabling severity, and that plaintiff's obesity does not prevent her from performing light-level work.

In her summary judgment motion, plaintiff argues that the ALJ failed to adequately consider her obesity and seizures, either separately or in combination, in evaluating her RFC. The Court disagrees. The ALJ noted and considered both of these conditions. Regarding the former, the ALJ noted that while plaintiff is obese (5'-10" tall and 268 pounds at the time of the hearing), she has not claimed this as a condition that affects her ability to work (Tr. 13, 126); and, further, that the medical records contain no suggestion that plaintiff's weight is in any way vocationally limiting. The ALJ's finding is further supported by the function reports completed by plaintiff and her husband, both of whom indicated that plainitff's "illnesses, injuries, or conditions" do not affect her ability to perform any work-related activities such as sitting, walking, standing, or bending (Tr. 137, 145). Plaintiff testified that she has "severe pains in my stomach and . . . my knees are not good" and that these conditions are probably related to her weight (Tr. 36), but the ALJ was not required to accept this testimony in light of the complete lack of supporting medical evidence.

Nor did the ALJ err in her consideration of plaintiff's seizures. The ALJ discussed in detail the evidence relating to this effect of plaintiff's brain tumor (Tr. 14-17). The ALJ noted plaintiff testified that in the five month period prior to the hearing she had experienced 15-20 seizures, each lasting approximately one to five minutes, which make her feel lightheaded and her right side to feel numb (Tr. 33). When she has a seizure, plaintiff lies down for 30 minutes to recover (Tr. 32-33). In her function report, plaintiff indicated she experiences "close to 60" seizures per month (Tr. 148), but her husband estimated the frequency to be a "few times a month" (Tr. 150).

The ALJ noted that plaintiff described her seizures as occurring at night when she is in bed (Tr. 14, 32, 148).

As the ALJ also correctly noted, the medical records do not suggest that plaintiff experiences seizures of disabling severity or frequency or that she has exhibited any significant neurological deficits. In fact, plaintiff's treating physician, Dr. Mammoser, in April and August 2013 indicated that plaintiff has "overall done well" (Tr. 196), that her seizures "generally last[] for less than a minute and . . . occur[] on the order of 1 to 2 times per month presently" (Tr. 196), that she "denies other signs or symptoms concerning for [sic] illness or infection," that a "comprehensive neurologic review" was negative (Tr. 196), that she had "fully recovered from her radiation therapy" (Tr. 200), that she "has a sporadic headache and rarely has to take Tylenol" (Tr. 200), that she was having "approximately two seizures per month," which she describes as a pins and needle sensation involving the right side of her face typically" (Tr. 200), and that her seizures "only occur while she is falling asleep at night and are very brief" (Tr. 200). In short, the medical evidence supports the ALJ's conclusion that plaintiff's brain tumor and associated seizures do not prevent her from doing light-level work.

For the reasons stated above, the Court concludes that the ALJ's decision in this matter is supported by substantial evidence. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                    S/ Bernard A. Friedman_____
                    BERNARD A. FRIEDMAN
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 2, 2015
       Detroit, Michigan